IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7-13-CV-14-FL

| ROBERT A. SWAIM, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | |
| DEPARTMENT OF VETERANS AFFAIRS, | ) | ORDER |
| Defendant. | ) | |

This matter is before the court on defendant's motion for summary judgment (DE 8). The matter has been fully briefed, and is ripe for decision. For the reasons that follow, defendant's motion is GRANTED.

## STATEMENT OF THE CASE

On January 17, 2013, plaintiff filed complaint against defendant, alleging that it had failed to complete its processing of plaintiff's August 15, 2012, request, made pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for certain agency records relating to his claim for disability and unemployability benefits.[1] In his complaint, plaintiff requests an injunction ordering defendant to provide the requested documents and records by a date certain. Plaintiff also requests attorney fees and costs.

---

[1] In briefing the instant motion, both parties state that the suit is brought under the Privacy Act. This is inaccurate. The parties appear to have conflated 5 U.S.C. § 552a (the Privacy Act of 1974) and 5 U.S.C. § 552(a) (a subsection of FOIA).

Defendant responded by filing a motion to dismiss, or in the alternative for summary judgment (DE 8), asserting that on March 19, 2013, it complied with plaintiff's request, and, therefore, plaintiff had achieved the relief he sought. Defendant attached to its motion the sworn declaration of Diana M. Willard, affirming that defendant responded to plaintiff's request on March 19, 2013. Plaintiff responded, contending that documents were missing.

By order entered May 1, 2013, the court noticed the parties that it would construe the government's motion as a motion for summary judgment where the government had filed the declaration of Diane Willard. Plaintiff was given thirty (30) days to take discovery and supplement his response in opposition. Plaintiff timely filed such supplementation.

## STATEMENT OF FACTS

For purposes of the instant summary judgment motion, the undisputed facts are as follows. Plaintiff is a veteran of the United States Navy. Compl. ¶ 8.[2] On May 16, 2003, defendant granted plaintiff's claim for individual unemployability as of January 9, 2002, apparently based on his recurrent duodenal ulcers and post traumatic stress disorder ("PTSD"). Compl. ¶¶ 13-17. Plaintiff filed a notice of disagreement with respect to defendant's decision regarding the effective date of his benefits and requesting compensation for individual unemployability from June 23, 1965. Pl.'s Ex. 2, Letter from defendant to plaintiff. It appears that in this appeal, plaintiff raised issues relating to both his ulcers and his PTSD. Id.

Plaintiff sent another letter in November 2009, requesting retroactive unemployability compensation. Id.; Compl. ¶ 23. In a letter dated March 17, 2010, defendant responded that they

---

[2] Although plaintiff's complaint is not evidence, portions of the complaint do not appear to be contested by defendant, and form the background for the dispute before the court. Also where certain alleged facts recited above are not material to this court's decision, but set the stage for the instant dispute, the court accepts them as true for purposes of this motion.

could not take action on plaintiff's claim where the one-year period to appeal denial of his claim had passed. Pl.'s Ex. 2. Defendant also asserted that plaintiff had withdrawn his appeal regarding his PTSD on December 29, 2004, and also withdrawn his appeal with respect to his ulcers on February 8, 2005. Id.

On August 15, 2012, plaintiff submitted a FOIA request to defendant's regional office in Winston-Salem, North Carolina requesting all documents relating to VA claim 21 186 742. Compl. ¶ 26. While the record is unclear, VA claim 21 186 742 presumably is plaintiff's claim for retroactive benefits stemming from duodenal ulcers and PTSD. Plaintiff also requested any documents relating to the purported withdrawals of his appeals. Id.

On March 19, 2013, defendant responded to plaintiff's request, by retrieving, photocopying, and mailing a copy of what it asserts is his entire claims folder to his last known address. Def.'s Ex. 1, Willard Aff. ¶¶ 2-3. Plaintiff asserts that both he and his attorney received a package from defendant containing documents purporting to be the whole of plaintiff's claims folder but that each package contained documents that the other did not. Pl.'s Supplemental Resp. 2.[3] Moreover, neither package contained documentation regarding the manner in which plaintiff supposedly withdrew his appeal for his ulcer on February 8, 2005, and other documents.

On May 14, 2013, plaintiff traveled to defendant's regional office in Winston-Salem, North Carolina, and personally reviewed his claims file. Id. at 3-4. Plaintiff also was given his complete medical file, but was unable to review the same in the time given him by defendant. Id. Plaintiff found no documentation regarding the supposed February 8, 2005, withdrawal of his appeal, and has

---

[3] Plaintiff his filed a sworn declaration testifying that the statements made in his supplemental response are accurate.

introduced no evidence that he uncovered other documents purportedly missing from the claims file sent to him by defendant. Id. at 4.

## COURT'S DISCUSSION

A.      Standard of Review

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Anderson v. Liberty Lobby, 477 U.S. 242, 247-48 (1986) (holding that a factual dispute is "material" only if it might affect the outcome of the suit and "genuine" only if there is sufficient evidence for a reasonable jury to find for the non-moving party).  The party seeking summary judgment bears the initial burden of demonstrating the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate with specific evidence that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).

Summary judgment is not a vehicle for the court to weigh the evidence and determine the truth of the matter, but to determine whether a genuine issue exists for trial. Anderson, 477 U.S. at 249.   In making this determination, the court must view the inferences drawn from the underlying facts in the light most favorable to the nonmoving party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). Only disputes between the parties over facts that might affect the outcome of the case properly preclude the entry of summary judgment. Anderson, 477 U.S. at 247-48. Accordingly, the court must examine the materiality and the genuineness of the alleged fact issues in ruling on this motion. Id. at 248-49.

B.  Analysis

FOIA requires a federal agency to "make [requested] records promptly available to any person." 5 U.S.C. § 552(a)(3)(A). Under FOIA the court may enjoin federal agencies "from withholding agency records" and "order the production of agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). In judging the adequacy of an agency search for documents, the relevant question is not whether every single potentially responsive document has been unearthed, but whether the agency has demonstrated that it has conducted a search reasonably calculated to uncover all relevant documents. Ethyl Corp. v. EPA, 25 F.3d 1241, 1246 (4th Cir. 1994). The agency may make such a showing by submitting an affidavit, which must be "reasonably detailed, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials . . . were searched." Id. at 1247.

Once the agency has shown that its search was reasonable, the burden is on the plaintiff to rebut the defendant's evidence by a showing that the search was not conducted in good faith. Hunt v. U.S. Dept. Of Veterans Affairs, 888 F. Supp. 2d 48, 52 (D.D.C. 2012); see also Heilly v. U.S. Dep't of Commerce, 69 F. App'x 171, 173 (4th Cir. 2003) (stating that a sufficiently detailed affidavit is accorded a rebuttable presumption of good faith). The mere fact that a particular record was not found does not render the search inadequate because the adequacy of a FOIA search is generally determined not by the fruits of the search, but by the appropriateness of the methods used to carry out the search. Hunt, 888 F. Supp. 2d at 52. For example, a search will not be deemed inadequate just because some responsive documents refer to others which were not produced. Rein v. U.S. Patent & Trademark Office, 553 F.3d 353, 363-64 (4th Cir. 2009).

5

In this case plaintiff requested "all documents relating to claim VA claim [sic] 21 186 742" as well as "any documents verifying or evidencing the alleged withdraw [sic]" of appeals related to that claim. Compl. ¶ 26. Defendant responded by photocopying the entire claims folder related to claim 21 186 742, copies of which were sent to both plaintiff and his attorney, and submitted an affidavit stating that this was done. After failing to receive some of the documents he expected, and noting discrepancies between the two sets of copies, plaintiff was given the opportunity to review the entire file in person. Having done so,[4] and finding himself unable to locate the desired documents even on his own inspection of the file, plaintiff continues to demand that defendant produce the documents he requests, or else give some justification for their absence.

There is no allegation that the VA exhibited bad faith or failed to utilize methods reasonably likely to disclose the information requested; plaintiff's claim is premised entirely on the absence of the requested documents. The mere absence of a requested document is not a sufficient basis for declaring a search unreasonable. See, e.g., Morley v. CIA, 508 F.3d 1108, 1120 (D.C. Cir. 2007); Heilly, 69 F. App'x at 174; Ethyl Corp., 25 F.3d at 1246. Accordingly defendant's motion for summary judgment is granted.

---

[4] Plaintiff states that he reviewed the entire claims file during his visit to the regional office, but was unable to examine his medical records in the time allotted. This does not appear to be a serious deficiency, as there is no indication that plaintiff is barred from returning to the regional office and examining those records at a later date. See 5 U.S.C. § 552a(d)(1) (requiring agencies to allow any individual to review the agency's records or information pertaining to that individual).

6

Case 7:13-cv-00014-FL   Document 15   Filed 09/30/13   Page 6 of 7

## CONCLUSION

Based upon the foregoing, defendant's motion for summary judgment is GRANTED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 30th day of September, 2013.

_____
LOUISE W. FLANAGAN
United States District Judge

7

Case 7:13-cv-00014-FL   Document 15   Filed 09/30/13   Page 7 of 7